IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FAITH MCCULLOCH )<br>28110 E. Atherton )<br>Sibley, MO 64088 )<br>     )<br>     Plaintiff, )<br>     )<br>v.     )<br>     )<br>PCS, INCORPORATED, )<br>Serve Registered Agent )<br>Tamer Christo )<br>1948 E. Santa Fe Street, Ste. A )<br>Olathe, Kansas 66062 )<br>     )<br>     Defendant. ) | Case No. |

## COMPLAINT

Plaintiff Faith McCulloch, for her Complaint against Defendant PCS, Incorporated, states as follows:

1. Plaintiff Faith McCulloch is a female citizen of the State of Missouri.

2. Defendant PCS, Incorporated, is a corporation organized, registered to do business, and operating in good standing in the state of Kansas, under the business name PCS VOIP.

3. This case arises under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.*, (Title VII), making jurisdiction proper in this court.

1

4.     Venue is proper within this district under 28 U.S.C. § 1391(a) in that the employment practices hereinafter alleged to be unlawful were committed in this judicial district.

5.     Plaintiff was subjected to sexual harassment, sex discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e-2, by Defendant.

6.     At all times relevant to this action, Defendant, either itself or among joint or integrated companies with the same ownership, management, employees and locations, have employed fifteen or more employees and is therefore an employer as defined in Title VII, 42 U.S.C. § 2000e(b).

7.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the unlawful employment practices complained of herein.

8.     Plaintiff received a Notice of Right to Sue from the EEOC and this Complaint is filed within 90 days of receipt of that letter.

## COUNT I – SEXUAL HARASSMENT

9.     Plaintiff incorporates preceding paragraphs as if fully set forth herein.

10.    Plaintiff was employed by Defendant as an Administrative Assistant until she was terminated on July 11, 2019. She performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employer.

11. During her employment, Plaintiff was subjected to repeated inappropriate sexual comments, and abusive behavior based on gender, by behavior by her male manager and owner of the business. This conduct was ongoing and severe and pervasive and included unwanted, inappropriate and unwelcome sexual comments.

12. This included the following conduct:

- inappropriate sexual comments to plaintiff and others;
- inappropriate questions about plaintiff's sex life,
- attempts to kiss plaintiff
- repeated attempts to get plaintiff drunk,
- purchases of gifts and dinner;
- He engaged in discussions about his sexual relationships and has made comments about having sex with other female employees. In general, there was a lot of discussion about sex in the workplace.

13. On January 16, 2019, he tried to kiss her again.

14. Plaintiff complained internally about the harassment. Since that time, she was retaliated against, including being demoted and ultimately terminated.

15. Additionally, plaintiff is associated with Kelly Callin who has also filed a charge of discrimination and lawsuit against defendant.

16. But for Plaintiff gender and her association with Kelly Callin who is a woman, she would not have been subjected to the sexual harassment described herein.

17. The sexual harassment described in this Complaint was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and constituted an unreasonable interference with Plaintiff's work in violation of Title VII. The conduct was continuing in nature dating back to the beginning of plaintiff's employment.

18. Plaintiff complained about the sexual harassment to the President and another management employee, but defendant failed to take appropriate remedial action to stop the unlawful conduct.

19. As a direct and proximate result of the unlawful practices of defendant, Plaintiff has sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

20. Defendant PCS, Incorporated acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

c. For an award of reasonable costs and attorney's fees; and

d. For such equitable and other relief as the Court deems just and necessary.

## COUNT II – SEX DISCRIMINATION

21. Plaintiff incorporates by reference the preceding paragraphs of this petition.

22. Plaintiff's sex, female, was a determining factor in the termination decision.

23. Similarly situated male employees with similar alleged performance issues were not disciplined as severely as was plaintiff and were not terminated.

24. Defendant's stated reasons for the demotion and termination were pretextual. Plaintiff was demoted and terminated for bogus reasons.

25. Defendant terminated plaintiff's employment because of her gender, because of her association with Kelly Callin, and in retaliation for the complaints of sexual harassment.

26. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

27. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

c. For an award of reasonable costs and attorney's fees; and

d. For such equitable and other relief as the Court deems just and necessary.

## **COUNT III – RETALIATION**

28. Plaintiff incorporates by reference the preceding paragraphs of this petition.

29. Plaintiff rejected the sexual advances, complained to him about it, and complained to management about sexual harassment and sex discrimination by her manager. Plaintiff also was associated with Kelly Callin who had complained about sexual harassment and inappropriate behavior.

30. Plaintiff was demoted shortly after her complaints of sex harassment and sex discrimination and was terminated because of those complaints.

31. Plaintiff's complaints were a determining factor in the termination; but for her complaints, she would not have been terminated.

32. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

33. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.  For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b.  For an award of punitive damages in a reasonable amount to be determined at trial;

c.  For an award of reasonable costs and attorney's fees; and

d.  For such equitable and other relief as the Court deems just and necessary.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff requests that the trial of this case be held in Kansas City, Kansas.

        **THORNBERRY BROWN, LLC**

By:   /s/ Stephen C. Thornberry
       Randall W. Brown      KS# 17905
       *randy@thornberrybrown.com*
       Stephen C. Thornberry    KS# 17494
       s*teve@thornberrybrown.com*
       4550 Main Street, Suite 205
       Kansas City, Missouri 64111
       (816) 531-8383 *telephone*
       (816) 531-8385 *facsimile*
       ATTORNEYS FOR PLAINTIFF